KNOLL, Judge.
The sole issue in this predial servitude case is whether the trial court erred in finding that the dominant estate of Willie and Sandra Eaglin (Lot 13 of the J.P. Boag-ni Addition in Opelousas) did not misuse a servitude of passage for a driveway to the detriment of the servient estate of Regina Watson (Lot 12 of the J.P. Boagni Addition).
Watson admits that the Eaglins have a predial servitude of passage for a driveway over five (5) feet of her property, but asserts that the Eaglins cannot block her access to the rear of her property by parking automobiles on the property embraced by the servitude. She also admits in her petition that the predial servitude was granted by her predecessors in title in favor of the property now owned by the Eaglins, namely Lot 13.
The trial court in its written reasons stated:
“Plaintiff argues ... that the defendants as owners of the dominant estate (Lot 13) cannot block the servitude with parked cars because this is beyond what was intended by the parties.
* * * * * *
Civil Code Article 705 provides:
‘The servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, or vehicles are permitted to pass through the ser-vient estate. Unless the title provides otherwise, the extent of the right and the mode of its exercise shall be suitable for the kind of traffic necessary for the reasonable use of the dominant estate.’
Civil Code Article 646 provides:
‘A predial servitude is a charge on a servient estate for the benefit of a dominant estate.’
The two quoted Code Articles reflect the Code’s general attitude that predial servi-tudes are for the benefit of the dominant estate.... Since the title creating the predial servitude of passage in favor of Lot 13 is silent on the extent of the right and the mode of its use, the Court must determine the intention of the parties in light of the purpose of the servitude. C.C. Art. 749. In interpreting the phrase, ‘Manner in which it is to be used’ in former C.C. Art. 749, the Courts have held that, where the title was silent as to the manner of use of a servitude of passage, resort may be made to the previous use to interpret the title. DeFelice Land Corp. v. Citrus Lands of La., 330 So.2d 631 (La.App. 4th Cir.1976). All of the evidence in this case points to the fact that the servitude was created by [the predecessors in title of Lot 12] ... for the sole benefit of Lot 13, and the servitude had been used in the manner in which the defendants used it from the inception of its creation.”
We have reviewed the evidence adduced at trial and are in agreement with the trial court’s disposition of this litigation.
The record shows that on June 10, 1976, Vernon Schwartzenberg, the owner of that part of Lot 12 now owned by Watson, granted a servitude of way or passage for a driveway in favor of Lot 13. In the written servitude no limitation of use for the driveway was specified. Hershell Watson and his wife, Jeanie, the parents of and immediate predecessors in title to Watson, the plaintiff herein, testified that commencing in 1978, the year they purchased Lot 12, the Eaglins were using the driveway to park vehicles for extended periods of time. Frances Pickney, a tenant of the Watsons who lived in an apartment at the rear of Lot 12, also testified that for 2¾⅛ years (late 1981 to 1984), the time of his tenancy, the Eaglins parked cars on the servitude. Clarence Schexnayder, an earlier tenant of the Watsons at Lot 12, gave similar testimony for 1980 and 1981. The record further shows that during the entirety of this time, the Watsons and their tenants had verbal confrontations with the Eaglins over their continued use of the driveway to park automobiles.
It is clear in the record that although Watson and her parents did not believe that the Eaglins had a right to park on the driveway, they tolerated the Eaglins use of the servitude in this manner for ten years *89 without seeking judicial intervention. As found by the trial court, the previous use of the servitude as a parking place for the Eaglins’s vehicles for such a period of time indicates an intent of the parties that such use was proper in light of the purpose of the original creation of the servitude of passage for a driveway granted in favor of the Eaglin’s property in 1976. Accordingly, we find no error in the trial court’s dismissal of Watson’s action against the Eaglins after a trial on the merits.
For the foregoing reasons, the judgment of the trial court is affirmed. Costs of this appeal are assessed to Regina Watson.
AFFIRMED.