|2SOL GOTHARD, Judge.
This is an appeal from a partial summary judgment rendered in favor of defendant, Metairie Hotel Investors Limited Partnership. For reasons that follow, we reverse and remand.
This matter began as a Petition for Declaratory Judgment filed by Columbus Me-tairie Properties, L.L.C. (Columbus), against defendant, Metairie Hotel Investors Limited Partnership, (MHI) seeking to have the trial court determine the rights of the adjacent property owners. The dispute between the parties involves disputed rights related to a portion of a privately owned road known as Galleria Boulevard in Metairie. Defendant, MHI, which leases an adjacent property, began construction of a Wyndham Hotel. In accordance with the building permit, MHI sought to remove landscaping and a fence, and pave a circular driveway which connects to Galleria Boulevard to allow for vehicular access to the hotel.
hColumbus maintains that Galleria Boulevard is on its private property and is a private road. Columbus has filed a petition seeking a declaratory judgment that MHI cannot exercise any of the disputed rights without permission from Columbus. Galleria Inn, L.L.C. (Galleria Inn) and Galleria Court, L.L.C., (Galleria Court) filed a Petition of Intervention as part owners of Galleria Boulevard, seeking the same relief as stated in the Petition for Declaratory Judgment.
MHI filed an answer and reconventional demand, in which it maintains Galleria Boulevard is a public road. The pleading also asserted MHI’s right to remove a fence and existing landscaping to gain access to Galleria Boulevard. In its recon-ventional demand, MHI seeks a judgment maintaining its rights to cut a curb and gain access for vehicular traffic to its establishment.
MHI filed a motion for summary judgment alleging that the proceeding does not involve any contested issues of material facts and that MHI is entitled to judgment in its favor dismissing plaintiff and interve-nor’s petitions. After a hearing on the matter, the court rendered a partial summary judgment in which it entered a declaratory judgment in favor of MHI and against Columbus and intervenors, declaring that the sixty-eight foot servitude on which Galleria Boulevard was constructed “is a public servitude of passage and is a public street 68 feet in width, although privately owned.” The judgment further declared that MHI has a right of direct access to, including ingress to and egress from, the servitude and does not need the consent of Columbus to construct a driveway. The judgment |4also declared the right of MHI to remove fencing and landscaping, and cut curbing and pave driveways without the consent of Columbus. It is from that judgment that Columbus, Galleria Inn, and Galleria Court appeal.
The record shows that in 1984, Metairie Center Joint Venture, an ancestor in title to Columbus, sought to develop land it owned in Metairie, which was bounded by West Napoleon Avenue, Interstate 10 Service Road, Harlem Parkway Subdivision, and the Gatehouse Apartment Complex. The land was subdivided into several parcels and was intersected about midway by Metairie Lawn Drive, a four-lane public road which connected West Napoleon to Interstate 10 service road. At that time, the parcels were designated as Parcels 1, 2, 7A, and 8A of Metairie Lawn Drive Extension Subdivision. Metairie Center Joint Venture requested Jefferson Parish to re-subdivide the parcels into one large parcel by revoking parts of two public *1031 streets, Metairie Lawn Drive and 36th Street, which were both within the perimeters of the new, larger parcel. At this time, 36th Street was the only street which connected the Harlem Parkway Subdivision with Metairie Lawn Drive. Three other streets in the Harlem Parkway Subdivision, 33rd, 34th, and 35th dead-ended at the western boundary of the property owned by Metairie Center Joint Venture.
Jefferson Parish granted the request of Metairie Center Joint Venture and combined the smaller parcels of land into one large parcel, designated as Parcel E. In return, the Parish required Metairie Center Joint Venture to construct a four-lane public road along the westerly boundary of its property, which is adjacent to the Harlem Parkway Subdivision to replace IsMetairie Lawn Drive. Officially the re-designation was accomplished by Ordinance No. 16148 of the Jefferson Parish Council adopted on August 22, 1984. The ordinance re-subdivided the property as requested and revoked the portions of Me-tairie Lawn Drive and 36th Street which were within the perimeters of the property. That document imposed the following conditions:
SECTION 5. Metairie Center Joint Venture shall grant Jefferson Parish a public servitude for a four-lane public roadway, reserving private title ownership and replacing Metairie Lawn Drive, shall agree to construct and maintain the roadway, and shall dedicate the approximately 15' wide strip in full ownership for West Napoleon Avenue right-of-way, all in exchange for the herein described revocations, all as shown on the subdivision plan, and shall provide a contract and bond for improvement of the four-land roadway.
The Galleria, a twenty-one level building which contains retail shops, office space, and parking, was constructed on part of the tract of land now designated as Parcel E. On July 29, 1988, the Galleria Partnership, a successor in title to Metairie Center Joint Venture, executed an act of destination and servitude in which it declared:
WHEREAS, pursuant to Ordinance No. 16148 adopted on August 22, 1984, by the Parish of Jefferson Council and recorded at C.O.B. 1097, folio 99, Me-tairie Center Joint Venture, as the landowner, agreed to grant a 68' wide servitude for a four lane roadway along the entire westerly side of a certain portion of its property designated as Parcel E, as shown on Exhibit A annexed hereto, running through its property, connecting I — 10 Service Road on the north to West Napoleon Avenue on the south, and intersecting certain other public streets, reserving fee ownership unto itself, which servitude was never granted or recorded as contemplated, although shown on surveys, actually constructed.
lfiNOW, THEREFORE, the Partnership does by these presents hereby create by destination a servitude and right of use over and upon a portion of Parcel E and a portion of Parcel Y-l for a public roadway for vehicular traffic and walkway for pedestrian traffic, as shown on the survey annexed hereto as Exhibit A, in favor of the public and any future owner or owners of Parcel Y-l and any future owner or owners of the lots that may be created by the proposed resub-division of Parcel E into lots E-l, E-2, E-3, and E-3B as shown on the plan of J.J. Krebs dated July 28, 1988, annexed hereto as Exhibit C, or otherwise, for so long as such Access Road is needed.
For purposes of this Act, the right of way with respect to the Access Road declared by the Partnership in favor of the public and future owners of Parcel E as the same may be hereafter subdivided and, Parcel Y-l and Lots 13 to 18 and 19 to 24, Square 21, Harlem Park *1032 way Subdivision, and burdening the said Access Road shall run with the land and shall be referred to herein as the “Access Servitude.” The Partnership does further hereby create the Access Servitude to ensure that the Access Road will be maintained as a through street connecting Interstate 10 Highway Service Road and West Napoleon Avenue and to provide ingress and egress from the streets intersecting Parcel E now referred to as 33rd, 34th, 35th, and 36th Streets.
The document also makes provisions for future owners of parts of Parcel E to participate in the cost of maintaining the roadway.
Pursuant to these documents, Metairie Lawn Drive between West Napoleon Avenue and the I — 10 Service Road was closed, and Galleria Boulevard was constructed on the western boundary of the property. 36th Street, which formerly extended to Metairie Lawn Drive, now intersected Galleria Boulevard. 33rd, 34th and 35th streets, formerly dead ends, now also intersected Galleria Boulevard.
Subsequently, MHI, which leased property adjacent to the western boundary of Columbus, across Galleria Boulevard from the Galleria sought, and was given approval of Jefferson Parish to construct a Wynd-ham Hotel )7on the property. As part of the plans, a circular driveway was constructed which afforded the Hotel vehicular access from Galleria Boulevard. In the construction of the driveway, it was necessary to remove fencing and landscaping placed on the property by Columbus, or a successor in title. It was that action which prompted this lawsuit.
After hearing arguments, and considering the documentary evidence, the trial court granted summary judgment in favor of MHI. In so doing, the court declared Galleria Boulevard a public road, although privately owned. Thus, MHI was within its rights to cut a curb and construct a driveway onto the boulevard without the permission of Columbus.
A summary judgment is properly granted when there is no genuine issue of material fact remaining to be decided and the mover is entitled to the judgment as a matter of law. LSA C.C.P. art. 966B. Appellate courts review summary judgments de novo under the same criteria that govern the district court’s consideration of whether summary judgment is appropriate. Schroeder v. Board of Sup’rs of Louisiana State University, 591 So.2d 342, 345 (La.1991).
In support of its motion for summary judgment, MHI argues that the documents attached to its motion, which include the 1984 ordinance by the Jefferson Parish Council and the 1988 Act of Destination executed by The Galleria Partnership, show that' Galleria Boulevard is a public street, although on private property. Additional documents introduced include later re-subdivisions of Parcel E now owned by Columbus, and intervenors, Galleria Inn and Galleria Court, and amendments to the Act of Destination 1 ¡¡to reflect sales of the property to entities which are successors in title to Metairie Center Joint Venture and The Galleria Partnership. In all such amendments, the location and size of the public servitude remains constant. Also introduced as an exhibit is an opinion written by the Jefferson Parish Attorney, who reviewed the legal documents and rendered the opinion that they:
. clearly establish the existence of a 68 foot-wide public servitude on Galleria Boulevard for use as a public roadway for vehicular traffic and public roadway for pedestrian traffic. Accordingly, those members of the public whose property borders this public roadway may enjoy all the benefits of *1033 the roadway and may access Galleria Boulevard for purposes of ingress and egress.
Also included in the exhibits are several plat maps of the area which show the sixty-eight foot servitude upon which Galleria Boulevard runs.
At the hearing in the trial court, and in brief to this court, Columbus argues that the act granting the servitude doés not grant a servitude in favor of all land bordering Galleria Boulevard. In support of its opposition to HRI’s motion for summary judgment, Columbus offers an affidavit of Keary L. Everitt, a general partner of the Galleria Partnership, who was the drafter and signatory of the Act. In his affidavit, Mr. Everitt attested that it was never his intention to establish a servitude for the benefit of any parcel of property adjoining the Galleria Tract along its western boundary, other than the specific Harlem Subdivision lots listed in the Act. Columbus also asserts that its act in fencing the area and landscaping it further shows its intent only to grant access to Galleria Boulevard from the western side by means of the streets which intersect it. Columbus also points out that the 19land on which the roadway is built is privately owned and HRI makes no contribution to the maintenance of the roadway.
Given the contradictory evidence presented for the trial court’s consideration of the motion for summary judgment, we find it was error for the trial court to rule that there were no material issues of fact remaining to be decided and to grant the motion. Accordingly, we reverse the trial court’s judgment and remand for further proceedings.
REVERSED AND REMANDED.