MADELEINE M. LANDRIEU, Judge.
hThe defendant, 1025 Bienville, L.L.C. [hereinafter “Bienville”] appeals the district court’s granting of summary judgment in favor of the plaintiff, 1026 Conti Condominiums, L.L.C. [hereinafter “Con-ti”]. For the reasons that follow, we reverse the granting of summary judgment and remand to the district court for trial.
FACTS AND PROCEEDINGS BELOW
On December 23, 2009, Conti filed suit seeking to enjoin its neighbor, Bienville, from interfering with Conti’s right to use a certain alley and courtyard that are accessible from both properties. Conti alleged that it had acquired its property from Bruno Properties [“Bruno”] on June 2, 2006, by means of a cash sale that included the right to use the adjoining alley and courtyard, which were owned by Bruno at that time. Conti alleged that its deed was recorded in the Orleans Parish *780 Conveyance Records on June 15, 2006. Approximately one week later, Bruno sold the alley and courtyard, along with all its remaining property in the area, to Bien-ville. For approximately three years, both parties used the alley and courtyard for access, parking, storage of construction materials and collection of debris while work progressed on the construction of their respective projects (condominiums by Conti and a retail/ office mall by Bien-ville). However, in |2March of 2009, according to Conti’s petition, Bienville removed all materials from the alley and courtyard, had the courtyard striped for parking, and erected signs prohibiting its use by Conti or others. Conti further asserted that its deed from Bruno had established a predial servitude in favor of its property, as the dominant estate, over the alley and courtyard, the servient estate, owned by Bienville. Conti therefore sought a preliminary injunction enjoining Bienville’s continued interference with Conti’s servitude and a declaratory judgment confirming Conti’s legal, non-exclusive right to use the alley and courtyard in question.
Following an evidentiary hearing, the district court on May 11, 2010, granted a preliminary injunction restraining Bien-ville from interfering with Conti’s “right to use its servitude” upon Bienville’s alley and courtyard (designated as “Lot AA” and further described with particularity on a plat attached to Conti’s deed). Bienville was also ordered to remove all signs and obstructions prohibiting Conti’s use of Lot AA. The transcript of the hearing reflects that the trial judge reasoned as follows:
“There is an existence of some type of servitude that at the very least gives a right of passage....
The question is what type of servitude did the parties intend to create since it’s not listed in the title. And that’s, of course, Civil Code Article 749. It instructs the Court to look to the intent of the parties when the title is silent. Such intent will be elicited at trial.
On March 9, 2011, Conti filed a motion for summary judgment seeking a declaration as to the existence, extent and type of servitude granted. In its motion, Conti argued that the existence and location of the servitude were clearly established in its deed, and that the parties’ intent as to the type of servitude could be conclusively established by looking at the manner in which the parties had actually used the servient estate from the time Conti acquired its property in 2006 |suntil Bienville disturbed Conti’s use in March, 2009. In support of its motion, Conti submitted certified copies of the following: (1) the January, 2000, act of sale from Holzer Sheet Metal Works to Bruno; (2) the June 2, 2006 act of sale from Bruno to Conti; (3) the June 23, 2006 act of sale from Bruno to Bienville; (4) an 1836 survey (the “Pilie Plan”), which designates a portion of the alleged servient estate as “alley in common;” (5) a 1937 Gilbert & Kelly survey designating a part of the alleged servient estate as “common alley” and the remainder as “common yard;” and (6) the 1938 act of sale whereby Bruno’s predecessors acquired the property. Conti also submitted the transcript of the trial court’s April 29, 2010 evidentiary hearing on the preliminary injunction request, which included the testimony of four individuals: Mr. Robert O’Brien, a managing member of Conti; Mr. David Smith, the real estate agent who represented Conti in its purchase from Bruno; Mr. Frank Bruno, the representative of Bruno Properties; and Mr. Romero Marcello, a managing partner of Bienville. Finally, Conti submitted Bien-ville’s answers to its interrogatories and request for production.
*781 Bienville opposed the summary judgment arguing first that there was a genuine issue of material fact as to whether any servitude exists because: (1) The language of Conti’s deed is too vague to grant a servitude; and (2) Conti’s use of Bienville’s alley and courtyard during the three-year construction phase was pursuant to Bien-ville’s express permission. Alternatively, Bienville asserted that even assuming the existence of the servitude, there was a genuine issue of material fact with regard to whether that servitude included the right to park in the courtyard. In support of its opposition, Bienville relied upon the testimony of Mr. Romero Marcello from the preliminary injunction hearing. Bien-ville also submitted the April 17, 2006 Purchase Agreement between Bruno and Bienville, as |4well as affidavits of Mr. Frank Bruno and Mr. Vincent Marcello regarding their intent in June, 2006, at the time Bruno conveyed a portion of its property to Conti and then conveyed the remainder to Bienville a week later.
On April 28, 2011, the trial court heard the matter and granted Conti’s motion for summary judgment from the bench. On May 13, 2011, the trial court issued a written judgment acknowledging a predial servitude of “access, passage and parking” (but not including the right to store equipment and/or materials) on Bienville’s alley and courtyard for the benefit of Conti’s property as the dominant estate. Bienville now appeals that judgment.
ISSUES
Bienville first contends that the trial court erred by concluding that a servitude exists because the language in Conti’s deed is legally insufficient to create one. Alternatively, Bienville asserts that the trial court erred by granting summary judgment because there are genuine issues of material fact remaining with regard to: (1) Whether Bruno intended to grant any servitude to Conti; (2) Whether Conti’s use of the courtyard during its construction phase was pursuant to its servitude or pursuant to Bienville’s express permission; (3) Whether the servitude, assuming one was created, should be interpreted to include parking and if so, whether the right of parking extends to the entire courtyard or to only a portion of it. Conti responds by arguing that the trial court correctly granted summary judgment because: (1) Conti’s deed clearly and unambiguously grants a servitude and designates its boundaries and location; (2) The parties’ intent is irrelevant because the written deed is unambiguous and was recorded prior to Bienville’s purchase of its property; (3) The trial court correctly determined the type of servitude granted by considering only the manner in which the parties had | Sused the servient estate from the time of Conti’s purchase in 2006 until Bienville’s disturbance of Conti’s use in 2009.
STANDARD OF REVIEW
Appellate courts review summary judgments de novo, using the same criteria that govern the trial court’s consideration of whether summary judgment is appropriate. Duncan v. U.S.A.A. Ins. Co., 2006-363, p. 3 (La.11/29/06), 950 So.2d 544, 547. Thus, the reviewing court must determine whether there is any genuine issue of material fact and whether the mover is entitled to summary judgment as a matter of law. La. C.C.P. art. 966(C); Cressionnie v. Liberty Mutual Ins. Co., 98-0534, p. 3 (La.App. 4 Cir. 4/8/98), 711 So.2d 364, 366.
For purposes of summary judgment, a “genuine issue” is a triable issue, or one as to which reasonable persons could disagree. Hogg v. Chevron USA, Inc., 2009-2632, p. 6 (La.7/6/10), 45 So.3d 991, 997. In determining whether an issue is genuine, a court ruling on a motion for sum *782 mary judgment should not consider the merits, make credibility determinations, evaluate testimony or weigh evidence. Property Ins. Ass’n of Louisiana v. Theriot, 2009-1152, p. 3 (La.3/16/10), 31 So.3d 1012, 1014 (quoting Suire v. Lafayette City-Parish Consolidated Government, 2004-1459, p. 11 (La.4/12/05), 907 So.2d 37, 48). The motion for summary judgment is to be decided based upon the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits submitted. La. C.C.P. art. 966(B). The taking of testimony is therefore not appropriate. Rapp v. City of New Orleans, 95-1638, p. 3 (La.App. 4 Cir. 9/18/96), 681 So.2d 433, 437. In deciding the motion, the court must assume that all affiants are credible. Independent Fire Ins. Co. v. Sunbeam Corp., 99-2181, pp. 16-17 (La.2/29/00), 755 So.2d 226, 236. Moreover, despite the legislative mandate that summary [(¿judgments are favored, factual inferences reasonably drawn from the evidence must be construed in favor of the party opposing the motion, and all doubt must be resolved in the opponent’s favor. Willis v. Medders, 2000-2507, p. 2 (La.12/8/00), 775 So.2d 1049, 1050.
DISCUSSION
In the instant case, the trial court concluded that there is a predial servitude of access, passage and parking over Bien-ville’s alley and entire courtyard in favor of Conti’s property. On appeal, Bienville first argues that the language of Conti’s deed is legally insufficient to create any servitude. We disagree.
In determining that some type of servitude exists, the trial court relied solely upon the authentic evidence submitted by Conti, i.e., the certified copies of the acts of sale from Bruno to Conti and from Bruno to Bienville, both of which were recorded in the conveyance records of Orleans Parish. Reviewing that same evidence, we note that the June 2, 2006 act of sale from Bruno to Conti, which was recorded on June 16, 2006, describes the property being conveyed as follows:
That certain piece or portion of ground, together with all the buildings and improvements thereon, and all the rights, ways, privileges, servitudes, appurtenances and advantages thereunto belonging or in anywise appertaining, situated in the Second District if [sic] the City of New Orleans, State of Louisiana, in Square 97, bounded by Conti, North Rampart, Bienville and Burgundy Street; said lot of ground is designated by the No. 3 on plan drawn by L.J. Pilie, Surr., dated November 14, 1836, deposited in the office of Felix Grima, Notary Public, said lot measures 25 feet, 5 inches, front on Conti Street, by a depth of 119 feet, 4 inches and 4 lines, bounded on the side towards Burgundy Street by Lot No. 2 and on the other side towards North Rampart Street by an alley 10 feet, 3 inches, 4 lines in width, with the right to use said alley as well as of a “court” figured on said plan and common to Lots 1, 2, and 3 and other property. For greater certainty, reference is made to sketch of survey by Gilbert and Kelly, Surveyors, dated October 8, 1937, annexed to an act before Allain C. Andry, Jr., Notary Public, dated June 15, 1938. (Emphasis added).
17Subsequently, on June 23, 2006, Bienville purchased Bruno’s remaining property, including “lot AA,” which is the “court” or courtyard in question. In that act of sale, the property description of “Lot 8,” one of the lots purchased that is adjacent to the alley in question, includes the language: “having use in common with lots 1, 2, and 3 on Conti Street of an alleyway....” In addition, the 1836 Pilie Plan, referred to in Conti’s deed, identifies the alley and court *783 yard in question as “Common Alley,” and “Common Yard.”
In view of the documents submitted, we agree with the trial court that when Conti purchased the property designated as “Lot 3,” the language in the deed specifically conveying also the “right to use said alley as well as ... a court figured on said plan and common to Lots 1, 2, and 3” is sufficiently clear and unambiguous to create a servitude in favor of Conti’s property over the alley and courtyard at issue. Under Louisiana law, the words of a contract are to be given their generally prevailing meaning. La. C.C. art. 2047. The term “right of use” is one generally associated with a servitude. See Robert Investment Co., Inc. v. Eastbank, 496 So.2d 465, 470 (La.App. 1st Cir.1986) (wherein the court found no servitude was established, specifically noting that neither the act of sale, survey or site plan contained the words “servitude,” “right of use” or “common.”). Louisiana Civil Code article 731 states: “A charge established on an estate expressly for the benefit of another estate is a predial servitude although it is not so designated.” Article 733 further provides: “When the right granted be of a nature to confer an advantage on an estate, it is presumed to be a predial servitude.” | sMoreover, the Civil Code indicates that the failure of the act of sale to define the type of servitude does not preclude the creation of a servitude.[1]
Bienville argues that there exists a genuine issue of material fact with regard to whether a servitude exists because Mr. Bruno testified at the preliminary injunction hearing and by affidavit that he did not intend to create a servitude or to convey any rights over Lot AA (the courtyard) to Conti. However, the trial court correctly disregarded all evidence of the parties’ intent on the basis of Louisiana Civil Code article 1848, which provides that “testimonial or other evidence may not be admitted to negate or vary the contents of an authentic act.” In refusing to consider such evidence,[2] the trial court also relied upon Civil Code article 2442, which provides that an act of sale of immovable property becomes effective against third parties (such as Bienville in the instant case) when the act is filed for registry. Because the act of sale from Bruno to Conti was recorded prior to Bruno’s sale to Bienville, Bienville was presumed to know what property had been conveyed in the' prior sale, including the conveyance to Conti of the right to use the courtyard that Bienville was acquiring. Under these circumstances, we cannot say that the trial court erred by finding that a servitude exists or by refusing to consider evidence of intent on this issue.
Alternatively, Bienville argues that summary judgment was improperly granted because there is a genuine issue of material fact as to the type of servitude created — specifically, as to whether the parties intended Bienville’s right of use to include the right to park in the courtyard. Louisiana Civil Code article 749 states:
[9If the title is silent as to the extent and manner of use of the servitude, the intention of the parties is to be determined in the light of its purpose.
In determining that Conti’s servitude includes the right to park, the trial court relied upon the fact that, since Bienville’s purchase in 2006, both parties have used the alley and courtyard for parking of construction vehicles and supply trucks, as well as for hauling and storage of construction materials and debris, while their re *784 spective construction projects were ongoing. On appeal, Conti argues that the trial court was correct in adopting this prior use as the exclusive indicator of the parties’ intent, despite Bienville’s submission of other, conflicting evidence regarding their intent. In support of this contention, Conti cites this court’s opinion in De Felice Land Corporation v. Citrus Lands of Louisiana, Inc., 330 So.2d 631 (La.App. 4 Cir.1976) and several cases from other circuits, namely: Harris v. Darinn Corporation, 431 So.2d 441 (La.App. 1st Cir.1983); Watson v. Eaglin, 606 So.2d 87 (La.App. 3d Cir.1992); and Keeley v. Schexnailder, 97-1609 (La.App. 3 Cir. 4/1/98) 708 So.2d 838. These cases stand for the general proposition that, in order to determine the parties’ intent with regard to the manner or extent of a predial servitude, Louisiana courts have consistently referred to the actual manner of use and/or location which the parties have employed prior to the arising of the dispute. However, these cases cannot serve as precedent for our decision herein because we are reviewing the granting of summary judgment, whereas they involve appellate review of judgments rendered after trial on the merits. Thus, in the instant case we may affirm the trial court’s judgment only if we find, based upon all the evidence properly submitted, that there is no dispute between the parties as to whether they intended Conti to have the right to park on Lot AA or on any portion of it.
1 ^Bienville contends that the evidence it submitted in opposition to the motion for summary judgment unequivocally demonstrates the existence of a factual dispute regarding whether the parties’ intended Conti’s right of use to include the right to park in the courtyard. Bienville cites the affidavit of Mr. Bruno, who specifically averred that he “did not intend to grant Conti Condominiums any right of use to park vehicles in Lot AA.” This statement directly conflicts with the testimony of Mr. O’Brien, who represented Conti at the preliminary injunction hearing, that he would not have purchased the property from Bruno had he not believed that Conti’s eventual tenants/condominium owners would have the right to park in Lot AA.
Bienville also argues that the manner in which the parties used Lot AA during the construction of their respective building projects (a retail/office mall by Bienville and a condominium complex by Conti) cannot accurately reflect the parties’ intent regarding the permanent use of the lot once those projects were completed. In support of this argument, Bienville cites the affidavit of Vincent Marcello, also submitted in opposition to the summary judgment motion. Mr. Marcello averred that he had given express permission to Mr. O’Brien for Conti to use Lot AA during its renovation phase for delivery and storage of materials and equipment, loading and unloading of construction vehicles, removal and storage of debris, as well as express permission to temporarily use the alley and a specific portion of Lot AA for the parking of vehicles utilized in the renovation. He further averred that Bienville “was happy to grant permission” to Conti to use Lot AA during the renovation period because “Renovation of the 1026 Conti property would increase the value of Bien-ville’s property.” According to Mr. Mar-cello, another reason Bienville granted this permission to Conti was that Bienville was | n renovating its own property at the same time, and that those in charge of Bienville “wanted to be good neighbors.” ■
Finally, Bienville relies upon Columbus Metairie Properties, LLC v. Metairie Hotel Investors, 2002-159 (La.App. 5 Cir. 7/30/02), 823 So.2d 1029, which, unlike the cases cited by Conti, does involve appellate review of the granting of partial summary judgment as to the scope of a predial *785 servitude. In that case, the plaintiff, Columbus, filed suit seeking to prevent the defendant, MHI, from removing a curb, fencing and landscaping from a privately-owned public road in order to create access from that road to MHI’s property, upon which MHI intended to construct a hotel. Columbus’s successor in title, the Galleria Partnership, had recorded in 1988, an act of destination granting to certain adjoining properties a servitude of public access over the portion of its property known as “Galleria Boulevard.” MHI had subsequently leased property on the western side of Galleria Boulevard, across from the lots mentioned in the act of destination. MHI brought a motion for partial summary judgment seeking a declaration that Galleria Boulevard was a public road, and that MHI therefore had the right to remove curbing, fencing and landscaping in order to create a driveway accessing the road from MHI’s proposed hotel. The trial court granted partial summary judgment, declaring that Galleria Boulevard is a public street, although privately owned, and that MHI had the right to remove curbing, fencing and landscaping as necessary to construct a driveway from its property to the road. Columbus appealed, and the Fifth Circuit reversed the summary judgment and remanded for trial. The appellate court found that the affidavit of Mr. Keary Everitt, who had drafted and signed the act of destination on behalf of the Galleria Partnership, created a genuine issue of fact as to the scope of the servitude because 11gMr. Everitt had averred that it was never his intention to establish a servitude for the benefit of any parcel of property adjoining Galleria Boulevard other than those properties specifically named in the act. Id., pp. 8-9, 823 So.2d at 1033.
Similarly, in the instant case, we find that the affidavit of Mr. Bruno demonstrates the existence of a genuine issue of material fact as to the scope of the servitude granted to Conti, specifically, as to whether the servitude includes the right to park on Lot AA (the courtyard) or on any portion of it. Moreover, we also find that the affidavit of Mr. Marcello creates a genuine issue of material fact concerning whether the use the parties made of the alley and courtyard from 2006 until 2009, during their mutual construction phase, should be considered typical and therefore determinative of the parties’ intent with regard to the scope of the servitude. By law, the existence of a genuine issue of material fact precludes summary judgment. Accordingly, we reverse the district court’s granting of summary judgment and remand the matter to that court for trial on the merits.
CONCLUSION
For the reasons stated, we reverse the judgment of the trial court granting summary judgment and remand the matter to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED

. See La. C.C. art. 749, quoted and discussed infra.

. The evidence was proffered and is a part of the record on appeal.