# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 11-1354

**NAN L. ALLEN**

**VERSUS**

**LEON B. COTTEN, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-EIGHTH JUDICIAL DISTRICT COURT
PARISH OF LASALLE, NO. 30,898
HONORABLE JIMMY WAYNE WILEY, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Elizabeth A. Pickett, Judges.

**AFFIRMED.**

**Donald Wilson**
**Richard Joseph Wilson**
**Wilson & Wilson**
**P. O. Box 1346**
**Jena, LA 71342**
**Telephone: (318) 992-2104**
**COUNSEL FOR:**
    **Defendants/Appellees - Leon B. Cotton, et al.**

**Eugene Allen**
**P. O. Box 432**
**Columbia, LA 71418**
**Telephone: (318) 758-1456**
**COUNSEL FOR:**
    **Plaintiff/Appellant - Nan L. Allen**

**THIBODEAUX, Chief Judge.**

Plaintiff, Nan Allen, owns twenty acres in Caldwell Parish. She filed suit, seeking a right of passage across the Defendants' property (the "Cotten property") located to the south, in LaSalle Parish. The trial court held that, prior to her ownership, Ms. Allen's property became enclosed through a "voluntary alienation or partition," as defined by La.Civ.Code art. 694. Accordingly, she was entitled to request gratuitous passage across the property on which passage was previously exercised. The trial court found that the Cotten property did not contain the previous point of passage. Specifically, the trial court held that Ms. Allen had no right of passage across the Cotten property, reasoning that the existence of a gratuitous right of passage is mandatory in nature, and no right of predial servitude should be judicially decreed. Instead, the trial court opined that Ms. Allen may have a gratuitous right of passage across the property located to her east, on which passage was previously exercised. Ms. Allen appeals.

## I.

## <u>ISSUES</u>

We shall consider whether:

(1)     the trial court committed manifest error by finding that the Allen property was enclosed as a result of voluntary partitions in 1972;

(2)     the trial court committed manifest error by rendering a ruling affecting property outside the jurisdiction of the court; and,

(3)     the trial court committed manifest error by failing to find the remedy for Ms. Allen was across the Cotten estate.

## II.

## FACTS AND PROCEDURAL HISTORY

The southern line of Ms. Allen's twenty acres is adjacent to the northern line of the Cotten property. The chain of title to the two respective properties does not indicate a common ancestor in title.

Ms. Allen's property was carved out of a larger 160-acre tract, originally partitioned into two, eighty-acre tracts in 1912. Irvin Washington owned the northern eighty-acre tract, and Harriet Washington owned the southern eighty-acre tract. The record reveals that three roads existed on Irvin's tract, and one road existed on Harriet's tract. Harriet's tract was acquired by *mesne conveyances* by Travis S. Gore, Dr. R.E. King, and Citizen's Progressive Bank. By operation of law, a right of gratuitous passage was created for the access of Harriet's road by the subsequent partition of the South one-half of the Southeast Quarter between Gore, King, and Citizen's Progressive Bank.

In 1972, Gore, King, and the Bank partitioned their eighty-acre tract, with King receiving the South one-half of the Southwest Quarter of Section 14, Township 11 North, Range 2 East, now owned by Ms. Allen.

The trial court found that the 1972 partition resulted in the enclosure of Ms. Allen's property.[1] Applying the mandatory provisions of La.Code Civ.P. art. 694, the trial court held that it could not decree a right of predial servitude across the Cotten property. Instead, the trial court held that Ms. Allen was entitled only to a gratuitous right of passage over the land on which passage was previously exercised, even if it is not the shortest distance to a public road. In *dicta*, the trial court opined that Ms. Allen may have a gratuitous right of passage across the Gore property, located to the east of her property.

---

[1]Ms. Allen testified that she knew of the enclosed nature of her property. She previously contacted and received permission for limited access to her property.

2

III.

## LAW AND DISCUSSION

### Standard of Review

We review judgments regarding servitudes under the manifest error standard of review. *Griffith v. Cathey*, 99-923 (La.App. 3 Cir. 2/200), 762 So.2d 29, *writ denied*, 00-1875 (La. 10/6/00), 771 So.2d 85. An appellate court may not set aside a trial court's findings of fact unless they are manifestly erroneous or clearly wrong. *Rosell v. ESCO,* 549 So.2d 840 (La.1989). To reverse under the manifest error rule, an appellate court must find from the record that there is no reasonable basis for the trial court's finding and that the record shows the finding to be manifestly erroneous. *Stobart v. State, Dep't of Transp. and Dev.,* 617 So.2d 880 (La.1993).

### Discussion

#### *Applicability of La.Civ.Code Art. 694*

Ms. Allen asserts that the trial court erred in finding that her property was enclosed through the 1972 partition and finding that La.Civ.Code art. 694 applies. We disagree. Louisiana Civil Code Article 694 provides that in the case of a partition, or a voluntary alienation of an estate or of a part thereof, if property alienated or partitioned becomes enclosed, passage shall be furnished gratuitously by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to the public road, and even if the act of alienation or partition does not mention a servitude of passage. La.Civ.Code art. 694.

A neighbor, however, is not required to provide passage to the owner of an estate which became enclosed by the voluntary act or omission of its owner. La.Civ.Code art. 693. The right to demand gratuitous passage is still available to a purchaser who acquires an estate enclosed as a result of a voluntary alienation of

3

property, even though that right is not available to the seller who voluntarily enclosed the estate. *Spotsville v. Herbert & Murrell, Inc*., 97-188 (La.App. 3 Cir. 6/18/97), 698 So.2d 31.

It is clear that Ms. Allen did nothing to enclose her property. Her dilemma was created prior to her ownership of the property. We agree with the trial court's finding that the 1972 partition resulted in the enclosure of the King tract, which is now owned by Ms. Allen. After the partition, the Bank received the northern twenty acres, and Gore received the forty acres east of Ms. Allen's twenty-acre tract. The Cotten property was never a part of the original tract that was partitioned in 1972.

Though Ms. Allen would prefer passage across the Cotten property, the law mandates that gratuitous passage shall be furnished by the owner of the land on which the passage was previously exercised, even if it is not the shortest route to a public road. That land is not the Cotten property. Indeed, the trial court weighed public records against Ms. Allen's testimony, and concluded that the Gore property contained the last access road and may be subject to Ms. Allen's gratuitous right of passage in accordance with La.Civ.Code art. 694. We find no error in the trial court's judgment.

### *Venue of the Trial Court*

Ms. Allen asserts that the trial court acted outside its "jurisdiction" by rendering judgment on property located in Caldwell Parish. Ms. Allen's argument fails for two reasons. First, Ms. Allen confuses the terms "jurisdiction" and "venue." Jurisdiction relates to the power of a court to act. Indisputably, the trial court had jurisdiction. The proper question is that of venue. Ms. Allen chose the venue of LaSalle Parish, and she chose it properly. Louisiana Code of Civil Procedure, Article 80 states:

4

A.  The following actions may be brought in the parish where the immovable property is situated or in the parish where the defendant in the action is domiciled:

(1) An action to assert an interest in immovable property, or a right in, to, or against immovable property, except as otherwise provided in Article 72;

. . .

B.  If the immovable property, consisting of one or more tracts, is situated in more than one parish, the action may be brought in any of these parishes.

La.Code Civ.P. art. 80.

Here, Ms. Allen asserted an interest in the Cotten property, located in LaSalle Parish. Venue, therefore, was proper in LaSalle Parish.

Second, the trial court's conclusions regarding Ms. Allen's rights to passage across the Gore property are decidedly *dicta* and in no way affect the trial court's judgment that Ms. Allen does not have rights to passage across the Cotten property.

IV.

## CONCLUSION

For the reasons articulated above, we affirm the judgment of the trial court.  Costs of this appeal are assessed against appellant, Nan Allen.

**AFFIRMED.**

5