| NIYOKEY TORREGANO, WIFE OF/AND COURTNEY TORREGANO | * | NO. 2021-CA-0005 |
|---|---|---|
| | * | |
| | | COURT OF APPEAL |
| VERSUS | * | |
| | | FOURTH CIRCUIT |
| JAMES COHEN, COREY STEWART AND ABC INSURANCE COMPANY (AN UNKNOWN INSURER) | * | STATE OF LOUISIANA |
| | * * * * * * * | |

APPEAL FROM
ST. BERNARD 34TH JUDICIAL DISTRICT COURT
NO. 16-1132, DIVISION "A"
Honorable Robert J. Klees, Judge Pro Tempore
* * * * * *
**Judge Roland L. Belsome**
* * * * * *
(Court composed of Judge Roland L. Belsome, Judge Joy Cossich Lobrano, Judge Paula A. Brown)

Bradley Egenberg
Benjamin R. Berman
EGENBERG, APLC
650 Poydras Street, Suite 2000
New Orleans, LA 70130

      COUNSEL FOR PLAINTIFF/APPELLEE

Paul A. Tabary, III
Elizabeth R. Borne
Lacey Tabary
TABARY & BORNE, LLC
3 Courthouse Square
Chalmette, LA 70043

      COUNSEL FOR DEFENDANT/APPELLANT

**VACATED AND REMANDED**

**MAY 19, 2021**

This is an appeal from a premises liability damages judgment in favor of Niyokey and Courtney Torregano (collectively "the Torreganos") and against James Cohen. For the reasons that follow, the judgment is vacated and the case is remanded for a new trial.

*Facts*

The Torreganos leased the residence located at 2822 Stacie Drive in St. Bernard Parish from its owner, James Cohen. Shortly after moving into the property, the Torreganos noticed that the roof was leaking. The roof was not repaired, and on May 3, 2016, the ceiling collapsed injuring Mrs. Torregano.

A bench trial commenced on February 3, 2020. On the morning of trial, the trial court addressed the Torreganos' motion to strike witnesses, which sought to prevent Mr. Cohen's witnesses, Corey Stewart and Torey Bartholomew, from testifying. The basis for the motion was that neither of the men cooperated in being deposed by the Torreganos' attorney. The trial court granted the motion, and a bench trial commenced.

1

Once the trial was completed, the matter was taken under advisement and post-trial briefs were filed. Judgment was rendered on July 15, 2020, and awarded Mrs. Torregano $26,497.10 in special damages and $75,000.00 in general damages. Mr. Torregano was awarded $10,000.00 for his loss of consortium. Mr. Cohen filed a motion for new trial asserting error on the part of the trial court for excluding his witnesses' testimony. The motion for new trial was denied. This appeal followed.

## *Assignment of Errors*

On appeal, Mr. Cohen maintains that the trial court committed a legal error when it excluded Mr. Stewart and Mr. Bartholomew's testimony at trial and further erred in denying the motion for new trial. To remedy the trial court's errors, Mr. Cohen seeks *de novo* review and remand for a new trial.

## *Discussion*

The trial court addressed the motion to strike witnesses just prior to the commencement of trial, on February 3, 2020. At that time, the attorney for the Torreganos argued that they would be prejudiced if Mr. Cohen's two witnesses were allowed to testify after failing to submit to depositions. The motion detailed the Torreganos' efforts to obtain the deposition testimony.

As to Mr. Stewart, he managed the property and was a named defendant when he first appeared for a deposition and refused to answer any questions without having an attorney present. That caused the Torreganos to file a motion to compel and motion for contempt. When Mr. Stewart appeared in court for the motions, the trial court granted the motion to compel and ordered him to submit to a deposition within thirty days. The Torreganos later agreed to accept an affidavit from Mr. Stewart that stated he was Mr. Cohen's agent and he was not a

2

lessor/sub-lessor of 2822 Stacie Drive. That information led to Mr. Stewart being dismissed from the lawsuit.

Later, the Torreganos filed a partial motion for summary judgment on the issue of liability, and Mr. Stewart submitted a second affidavit that was used as evidence for the opposition to the partial motion for summary judgment. The second affidavit contained statements regarding his interactions with the Torreganos and his efforts to repair the roof leak prior to the ceiling collapsing. Also, presented as evidence with the opposition to the motion was an affidavit by Mr. Bartholomew, which described conversations he had with the Torreganos regarding the ceiling collapse. The partial motion for summary judgment was denied.

Based on the new affidavits, the Torreganos again sought to depose Mr. Stewart, and also served Mr. Bartholomew with a notice of deposition. Mr. Stewart appeared for the deposition but would not answer questions without an attorney. Mr. Bartholomew was served with a notice of deposition but failed to appear. Shortly thereafter, the discovery deadlines expired.

In opposition to the motion to strike the witnesses, Mr. Cohen's attorney argued that the proper response to a non-party witness who fails to submit to a deposition would be a motion to compel or a motion for contempt against the non-party. Further, because Mr. Cohen lives out of state, he had no interactions with the Torreganos, and could not present a defense without Mr. Stewart and Mr. Bartholomew. Even though the trial court acknowledged the prejudice to Mr. Cohen, the motion to strike witnesses was granted.

After taking the matter under advisement, the trial court determined that Mr. Cohen was liable for the Torreganos' damages pursuant to La. C.C. art. 2322,

which imposes liability for damage caused by ruin of a building.[1] In its reasons for judgment, the trial court found that Mr. Cohen knew or should have known of the defect that led to the ceiling collapse, the collapse could have been prevented by the exercise of reasonable care, and he failed to exercise reasonable care. Therefore, Mr. Cohen was held liable for the damages sustained by the Torreganos.

After Mr. Cohen was denied the opportunity to present the only witnesses he planned to call, he proffered the witnesses' affidavits for review on appeal. The proffered affidavit of Mr. Stewart asserts that he made numerous attempts to access the property to make the repairs, but was either refused access by the Torreganos or could not enter the premises due to the presence of the Torreganos' dogs in the yard. Next, Mr. Bartholomew's affidavit indicates that his testimony would bring into question the veracity of the Torreganos' account of the incident and Mrs. Torregano's injuries. The nature of both of the witnesses' testimony is contradictory to the allegations made by the Torreganos, and therefore probative and relevant.

This Court has found that the failure to appear for a deposition pursuant to a properly served subpoena is properly punishable by the trial court. *Johnson v. Nguyen*, 2000-1148, p. 4 (La.App. 4 Cir. 7/11/00), 793 So.2d 370, 373 (citing *Bernard v. State Farm Mutual Ins. Co.*, 1998-2509 pp. 9-10 (La.App. 4 Cir. 6/30/99), 742 So.2d 609, 614). However, when it is a non-party witness who

---

[1] La. C.C. art. 2322 reads in pertinent part:

> The owner of a building is answerable for the damage occasioned by its ruin, when this is caused by neglect to repair it, or when it is the result of a vice or defect in its original construction. However, he is answerable for damages only upon a showing that he knew or, in the exercise of reasonable care, should have known of the vice or defect which caused the damage, that the damage could have been prevented by the exercise of reasonable care, and that he failed to exercise such reasonable care.

4

disobeys a subpoena for a deposition, the court is limited to the contempt authority found in La. C.C.P. art. 1357. *Dauzat v. Trinity Universal Ins. Co. of Kansas*, 1995-1235, p. 8 (La.App. 3 Cir. 3/6/96), 670 So.2d 785, 789 (citing *Hart v. Hart*, 460 So.2d 1129, 1130 (La.App. 2 Cir. 1984)). According to La. C.C.P. art. 1357, a person who fails to obey a subpoena, without reasonable excuse, may be adjudged in contempt of court. The statute also authorizes the court to order a recalcitrant witness to be attached and brought to court. La. C.C.P. art. 1357, *see also*, *Johnson,* 2000-1148, pp.7-8, 793 So.2d at 374-75 (providing that contempt of court sanctions including fine and imprisonment were properly imposed on witness in negligence action, where witness repeatedly refused to appear for depositions.). Rather than imposing the penalty provisions provided for by law against a non-party, the trial court penalized Mr. Cohen by striking the two witnesses.

Appellate courts find legal error when a trial court applies incorrect principles of law and such error is prejudicial. *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC*, 2015-0301, p. 5 (La.App. 4 Cir. 12/23/15), 183 So.3d 724, 727. (citation omitted). Depriving a party of a substantial right is considered prejudicial. *Id.* By excluding the trial testimony of Mr. Stewart and Mr. Bartholomew, the trial court deprived Mr. Cohen of the substantial right to defend himself against the Torreganos' claims. Therefore, we find a legal error occurred and *de novo* review is warranted. Upon *de novo* review this Court is required, if it can, to render judgment on the record. *Id.* The record before this court contains the proffered affidavits of Mr. Stewart and Mr. Bartholomew, but no proffered testimony or cross-examination.

In *Swindell v. Leonard B. Hebert, Jr. & Co.*, 592 So.2d 483 (La.App. 4 Cir. 1991), this Court addressed the remedy for the improper exclusion of testimony

with a record that contained proffered affidavits rather than proffered testimony. *Swindell* was a lawsuit between a subcontractor and contractor over disputed amounts due after the subcontractor was discharged for breach of performance. *Id.* at 484. The trial court excluded testimony from several of the contractor's witnesses that had direct knowledge of the project and the quality of subcontractor's work. *Id.* at 485-86. The trial court allowed the evidence to be proffered, but rather than allowing the proffer of testimony, the trial court required the proffer be made by written statements. *Id.* at 486. On appeal, this Court found, like in this case, the statements provided probative and relevant evidence, and it was unduly prejudicial to the contractor's case to exclude the witnesses from testifying. *Id.* However, because the record did not contain the actual testimony and cross-examination, the case could not fairly be decided on appeal. *Id.* For that reason, the *Swindell* case was remanded for a new trial. *Id.*

Considering the trial court's legal error and the absence of essential testimony and cross-examination, this Court is unable to fairly decide this case. For those reasons, the judgment of the trial court is vacated and the matter is remanded for a new trial.

**VACATED AND REMANDED**