Judgment rendered February 28, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 55,417-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

KIRAN OF MONROE, LLC                         Plaintiff-Appellant

versus

GAP FARMS, LLC                               Defendant-Appellee

* * * * *

Appealed from the
Second Judicial District Court for the
Parish of Bienville, Louisiana
Trial Court No. 43,816

Honorable William R. "Rick" Warren, Judge

* * * * *

AMY MILLER ATTORNEY AT LAW            Counsel for Appellant
By: Amy Josephine Miller
    Michael Stephen Coyle

DIMOS ERSKINE, LLP
By: Robert L. Garner

WIENER, WEISS & MADISON, APC          Counsel for Appellee
By: Roger Joseph Naus
    Seth M. Moyers

* * * * *

Before ROBINSON, HUNTER, and MARCOTTE, JJ.

**HUNTER, J.**

Plaintiff, Kiran of Monroe, LLC appeals a trial court judgment which ruled (1) Kiran lacked authority to construct a driveway across defendant's, Gap Farms, Inc. property, which is dedicated to the public for utility services, and (2) the Town of Arcadia "improperly and without authority" issued a permit to Kiran for construction of a driveway on Gap Farms property. For the following reasons, we affirm.

## FACTS

Plaintiff, Kiran of Monroe, LLC, (hereinafter "Kiran"), is the owner of immovable property in Bienville Parish on which Kiran owns and operates a convenience store. Defendant, GAP Farms, LLC, (hereinafter "Gap Farms"), is the owner of immovable property adjacent to Kiran's property. The parties stipulated "the Kiran Tract borders along the easterly boundary of Lot 5 of the Gap Farms Tract as well as along a portion of the northerly boundary of Lot 5 as said lot approaches the intersection of Gap Farms Road and Louisiana Hwy. No.151."

Gap Farms dedicated a certain portion of its property to the Town of Arcadia for road and utility services and obtained a permit to build the public road now known as Gap Farms Road. The plat and road dedication were recorded in the conveyance records in December 2009, and the dedication provided:

> Pursuant to the provisions of La. R.S. 33:5051(7) and the laws and ordinances of the Town of Arcadia, Bienville Parish, Louisiana, GAP Farms LLC, Stephen Cloy Gantt, Danny K. Prince, and Lenn D. Prince, as the full fee title owners of the property described hereon, hereby dedicate the road rights of way and utility servitudes shown hereon to public use. This dedication being for the use of said property for road and utility purpose

only, reserving unto said owners, its successors
and assigns, the full fee of said property in full
ownership including, but not limited to, all oil, gas
and other minerals on, in under or that which may
be produced therefrom

There is a small strip of land between Gap Farms Road and the southern border of Kiran's property. On December 23, 2015, Kiran filed a petition to fix boundary for declaratory relief and injunctive relief against Gap Farms seeking recognition of its right to use the strip of property at issue to access Gap Farms Road.[1] On March 4, 2022, the parties filed into the record joint stipulations including a consent judgment which settles the boundary. The consent judgment provides the strip of land at issue "is owned exclusively by Gap Farms LLC, subject to a utility servitude."[2]

On March 5, 2017, Kiran filed for a permit with the Town of Arcadia to build a driveway from their property to Gap Farms Road. On March 14, 2017, the Town of Arcadia issued the permit for Kiran to build the driveway. Gap Farms maintain Kiran is not authorized to do so.

Following a trial on the merits, the trial court found Kiran had no authority to use the utility servitude as a right of way, and the Town of Arcadia lacked authority to permit a driveway across the utility servitude.

Kiran of Monroe, LLC appeals.

**DISCUSSION**

---

[1] Subsequently, Gap Farms filed a motion for preliminary injunction in federal court against the Town of Arcadia, the town council, and the mayor, seeking, *inter alia*, to prohibit them from issuing a permit to Kiran to construct a concrete driveway across the property. Kiran was not a party to the federal lawsuit. The federal district court denied the injunction, Gap Farms had not shown "a substantial likelihood of success on the merits[.]" Additionally, citing *Melancon v. Giglio*, 96-2507 (La. App. 1 Cir. 3/13/98), 712 So. 2d 535, the federal district court found Gap Farms failed to demonstrate a substantial likelihood it would prevail on the merits. *Gap Farms, L.L.C. v. Town of Arcadia*, 17-0598, 2018 WL 1801796 (W.D. La. 2018).

[2] On December 2, 2016, the parties filed into record a consent judgment.

2

Kiran contends the trial court erred in denying the authority to construct a driveway over the property which would be in accordance with the purpose of the servitude and in alignment with public policy. Kiran states the dedication creating the servitude does not distinguish between road and utilities use. Instead it states the servitude is for "the use[..]road and utilities purposes."

Additionally, Kiran argues the trial court erred in finding the Town of Arcadia "improperly and without authority" issued a permit for construction of a driveway. Kiran stated the lower court reason was due to the permit describing "Gap Farms Road as running along the southern boundary of the property of Kiran which is incorrect as it runs along the southern boundary of the Gap Farms, LLC property dedicated for a utility easement." The permit instead identifies the utility servitude area – not Gap Farms Road alone – as running along the southern boundary of Kiran's property.

The standard of appellate review for judgments regarding servitudes are reviewed under the manifest error standard of review. An appellate court may not set aside a trial courts finding of fact unless they are manifestly erroneous or clearly wrong. To reverse under the manifest error rule, an appellate court must find from the record no reasonable basis for the trial courts finding and the record shows the finding to be manifestly erroneous. However, legal errors are reviewed under the *de novo* standard of review. A legal error occurs when a trial court applies incorrect principles of law and such errors are prejudicial.*1026 Conti Condominiums, LLC v. 1025 Bienville, LLC*, 2015-0301 (La. App. 4 Cir.12/23/15), 183 So. 3d 724, *writ denied,* 2016-0144 (La. 3/14/16), 189 So. 3d 1067.

In this case, Kiran contends the construction of a driveway over the servitude would be in accordance with its purpose. However, Kiran acknowledges in the consent judgment the strip of land at issue is subject to an utility servitude and owned exclusively by Gap Farms. Under La. C.C.P art. 730, any doubt as to the existence, extent, or manner of exercise of a predial servitude shall be resolved in favor of the servient estate. *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC, supra.* Thus, the manner of exercise would be utility services such as electricity, water, sewer; however, Kiran's use of the land as a right of way is misuse of the servitude.[3]

Furthermore, according to La. C.C.P. art. 705 a servitude of passage is the right for the benefit of the dominant estate whereby persons, animals, utilities, or vehicles are permitted to pass through the servient estate. Here, Kiran's misuse of the land to provide vehicles with a right of way onto the servient estate –Gap Farms property—is not permitted as the servitude is for utilities. Unless the title provides otherwise, the extent of the right and the mode of its exercise shall be suitable for the kind of traffic or utility necessary for the reasonable use of the dominant estate. As stated in the dedication language of the 2009 Plat, "This dedication being for the use of said property for road and utility purpose only." Thus, Kiran cannot expand the use of the servitude. *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC, supra.*

Kiran also argues the construction of a driveway is in alignment with Louisiana public policy. Kiran relies on the appellate court decision in

---

[3] La. C.C.P art. 696.1 A utility is a service such as electricity, water, sewer, gas, telephone, cable television, and other commonly used power and communication networks required for the operation of an ordinary household or business

4

*Melancon v. Giglio*, 96-2507 (La.App.1 Cir. 3/13/98) ,712 So. 2d 535),

which granted Melancon the authority to construct a driveway over the

entire 60-foot strip of land designated as Westgate Boulevard. The court

reasoned in pertinent part:

> Since Westgate Boulevard was a 60-foot wide
> public street, created by statutory dedication
> adjoining property owners—Melancon's—are
> entitled to ingress and egress from their property
> onto Westgate Boulevard for which Westgate has
> no right to interfere with or obstruct passage by the
> Melancon's across the unpaved portion of the
> street to the paved portion of the street. Id., at 4.

The dedication language in *Melancon* provided in part "…dedicated for use

as a servitude for underground utilities and public passage only." The court

reasoned the placement of driveway extensions on this property is consistent

with the nature and extent of the existing servitude and "the Melancon's

have a right to participate in the public use of this servitude passage[.]"

Similar to *Melancon*, the servitude at issue is a sixty-foot wide right of

way dedicated to the city. However, the unpaved portion in Melancon is

subject to <u>one</u> servitude and used by the owners of the subdivision lots to

access the paved streets; whereas Gap Farms property is subject to <u>two</u>

servitudes – separate utility servitude outside of each right of way

servitude—which runs between the Kiran property and the right of way

servitude. Furthermore, the construction of the driveway in *Melancon* is

consistent with the servitude (public passage); whereas Kiran's construction

of a driveway on Gap Farms property is inconsistent with the servitude

(utility services).  Additionally, Kiran's property is not landlocked as it has

another point of ingress and egress on the primary road, Louisiana Highway

151. While Kiran has also made a public policy argument in support of its

5

claim, we reject the argument as unfounded. Gap Farms' dedication of a portion of its land for a utility servitude is in no way indicative of its intent to convey a right to a private individual to use the land for the purpose of constructing a driveway.[4]

Lastly, Kiran argues the lower court erred in determining the Town of Arcadia issued a permit "improperly and without authority." According to Kiran, the permit "describes Gap Farms Road as running along the southern boundary of the property of Kiran which is incorrect as it runs along the southern boundary of the Gap Farms, LLC property that was dedicated for a utility easement."[5] A review of the record reveals that the trial court reasoned:

> The Town of Arcadia improperly and without authority granted Kiran the right of ingress and egress onto Gap Farms Road across the property belonging to Gap Farms, LLC that is subject to a 'utility servitude' which is 'for the use of said property'… for utility purposes only.

---

[4] We note Kiran has raised its public policy argument for the first time on appeal. Under, U.R.C.A Rule 1-3,8 LSA-R.S. The scope of review in all cases within the appellate and supervisory jurisdiction of the Courts of Appeal shall be as provided by La. Cons. Art. Section 10(B), or as otherwise provided by law. The Courts of Appeal shall review issues that were submitted to the trial court and that are contained in specifications or assignments of error, unless the interest of justice requires otherwise. *Maxie v. Bates*, 54,256 (La. App. 2 Cir. 4/13/22), 338 So. 3d 564.

[5] March 5, 2017 Town of Arcadia permit language:
> Location: THE TOWN OF ARCADIA PUBLIC ROAD AND UTILITY SERVITUDE KNOWN AS GAP FARMS ROAD, RUNNING ALONG THE SOUTHERN BOUNDARY OF THE PROPERTY OF APPLICANT, MORE FULLY SHOWN ON THE ATTACHED PLAT AND MAP
> Authorized Use: Any and all road access to Gap Farms Road, including but not limited to rights of ingress and egress for its employees, customers and general public, with authorization to install any approved culvert, drainage systems, paving, lighting, or signage necessary to ensure travel onto Gap Farms (public) Roadway.

Based on the Consent Judgment and the trial court reasoning, Town of Arcadia lacked the authority based on the permit language. We have reviewed this record in its entirety, and we find the property at issue is for utility servitudes not for additional ingress and egress onto Gap Farms Road.

## CONCLUSION

For the foregoing reasons, the trial court's judgment is affirmed. Costs of this appeal are assessed to plaintiff, Kiran of Monroe, LLC.

**AFFIRMED.**