STATE OF LOUISIANA

COURT OF APPEAL, THIRD CIRCUIT

05-1346

RICHARD STACY BROWN

VERSUS

LESLIE LEJEAN WILSON BROWN

**********

APPEAL FROM THE
SEVENTH JUDICIAL DISTRICT COURT
PARISH OF CATAHOULA, NO. 20,457 "A"
HONORABLE KATHY A. JOHNSON, DISTRICT JUDGE

**********

JAMES T. GENOVESE
JUDGE

**********

Court composed of Sylvia R. Cooks, Billy H. Ezell, and James T. Genovese, Judges.

REVERSED AND REMANDED.

Michael H. Davis
2017 MacArthur Drive
Building 4, Suite A
Alexandria, Louisiana 71301
(318) 445-3621
COUNSEL FOR PLAINTIFF/APPELLANT:
    Richard Stacy Brown

Bradley R. Burget
Post Office Box 298
Jonesville, Louisiana 71343
(318) 339-8526
COUNSEL FOR DEFENDANT/APPELLEE:
    Leslie Lejean Wilson Brown

**GENOVESE, Judge.**

Plaintiff, Richard Stacy Brown (Richard), appeals the judgment of the trial court splitting custody between him and Defendant, Leslie Lejean Wilson Brown Evans (Leslie). For the following reasons, we reverse and remand for further proceedings.

## FACTS

Richard and Leslie were married on June 22, 1995. Two children were born of the marriage, namely, Justiss Cole Brown, born February 2, 1995, and Austin Lane Brown, born June 5, 1996. Richard filed a petition for divorce on October 23, 1998. At a hearing held on October 30, 1998, pursuant to Richard's motion for a temporary restraining order against Leslie and for sole custody of the minor children, the court ordered the parties to submit to a drug screening. Leslie tested positive for THC and methamphetamine. The trial court awarded sole custody of the children to Richard; Leslie was granted only supervised, restricted visitation with the minor children on every other Saturday. Leslie was also ordered to enroll in a drug abuse program and "to submit to any recommended treatment that is advised by the clinic."

On June 11, 2001, the parties were divorced, and a judgment was signed adopting the terms of the prior judgment of October 30, 1998 "granting [Richard] sole custody of the minor children, with limited supervised visitation" awarded to Leslie on the "1st, 3rd, 5th weekends of month with [Leslie's brother or mother] to transport children."

On January 13, 2005, Leslie filed a rule for modification of custody and visitation. On February 17, 2005, Richard notified Leslie of his intent to relocate to Stockbridge, Georgia, with the minor children. Leslie filed an objection to the

1

proposed relocation on March 1, 2005.

The trial court held a hearing on Leslie's rule for modification of custody and objection to Richard's relocation with the minor children on March 4, 2005. At this hearing, the trial court modified the custodial arrangement on a temporary basis by ordering the minor children to reside with Leslie for the months of March, April and May of 2005 in order to complete their 2004-2005 school year at Sandy Lake Christian Academy in Jonesville, Louisiana. Richard was granted visitation every other weekend, and his mother was granted visitation one afternoon a week and Saturday of each week. The trial court ordered an evaluation of the minor children and rescheduled another hearing for May 13, 2005. Though there was an objection to Richard's relocation to Georgia with the children, there was no specific ruling or adjudication on the objection; therefore, it is a non-issue on appellate review.

At the May 13, 2005 hearing, the trial court ordered that custody of the minor children be shared equally between Richard and Leslie for the 2005-2006 school year. Leslie, who continued to live in Catahoula Parish, Louisiana, with her second husband, would be the domiciliary parent from August 10, 2005 until January 1, 2006; and Richard, who now resides in Stockbridge, Georgia, would be the domiciliary parent from January 1, 2006 until the end of the spring school term of 2006. Additionally, the trial court ordered that a review hearing be held on May 19, 2006, in order to evaluate the progress of Justiss, who has a learning disability due to dyslexia. A judgment to that effect was signed on April 25, 2005, and Richard appeals.

2

## ISSUES

The following issues are presented for our review:

1. Whether the trial court erred in ordering a shared custody plan which requires that the minor children, one of whom has a learning disability, attend two different schools in one school year.

2. Whether the trial court erred in failing to name Richard as the domiciliary parent.

3. Whether the trial court erred in not finalizing the issue of custody, but instead ordering a review hearing in May of 2006 after the children had attended two different schools in two different states in one school year.

## LAW AND DISCUSSION

Richard's brief on appeal mainly attacks the alternating equal custodial periods. Leslie has not filed an appellate brief.

Leslie's motion to modify custody alleged that circumstances had changed and that it was in the best interest of the minor children that she and Richard be made joint custodians and share visitation. Leslie's motion specifically alleges that the following circumstances have changed:

a) At the time of the consent judgment, the mother, LESLIE WILSON EVANS, was addicted to several controlled dangerous substances, to wit: marijuana and crystal methamphetamine. Mrs. Evans courageously overcame her addiction and has been clean since 2002. Mrs. Evans will provide negative drug screens to this Honorable Court and Mr. Brown;

b) Mrs. Evans has recently married Jason Evans and both have good jobs. Mrs. Leslie Evans works at Jackie's Riverside Restaurant in Jonesville, Louisiana, and her husband is employed locally at Bradley McDowell Logging Company;

c) Mrs. Evans and her husband attend Utility Baptist Church, Jonesville, Louisiana; [and]

d) Mrs. Evans and her husband can provide a stable and nourishing environment to raise her minor children[.]

In custody cases, the paramount consideration is always the best interest of the child. *See* La.Civ. Code art. 131; *Aucoin v. Aucoin,* 02-756 (La.App. 3 Cir. 12/30/02), 834 So.2d 1245, 1249; *Bergeron v. Bergeron*, 492 So.2d 1193 (La.1986). The factors to be considered by the trial court in making a custody determination are set out in Louisiana Civil Code Article 134 as follows:

(1)     The love, affection, and other emotional ties between each party and the child.

(2)     The capacity and disposition of each party to give the child love, affection, and spiritual guidance and to continue the education and rearing of the child.

(3)     The capacity and disposition of each party to provide the child with food, clothing, medical care, and other material needs.

(4)     The length of time the child has lived in a stable, adequate environment, and the desirability of maintaining continuity of that environment.

(5)     The permanence, as a family unit, of the existing or proposed custodial home or homes.

(6)     The moral fitness of each party, insofar as it affects the welfare of the child.

(7)     The mental and physical health of each party.

(8)     The home, school, and community history of the child.

(9)     The reasonable preference of the child, if the court deems the child to be of sufficient age to express a preference.

(10)     The willingness and ability of each party to facilitate and encourage a close and continuing relationship between the child and the other party.

(11)     The distance between the respective residences of the parties.

(12)     The responsibility for the care and rearing of the child previously exercised by each party.

The trial court's determination in a child custody case is entitled great weight on appeal and will not be disturbed absent a clear abuse of discretion. *Hawthorne v. Hawthorne*, 96-89 (La.App. 3 Cir.); 676 So.2d 619, *writ denied*, 96-1650 (La. 10/25/96). When considering all of these factors, we find that the trial court clearly abused its discretion in ordering that the parties share physical custody, thereby requiring that the minor children change schools and states in the middle of the

4

school year.

We find no factual basis to establish that the custody plan imposed by the trial court was in the best interest of these young children. Leslie does not allege nor was evidence adduced to support any claim that Richard is an unfit parent. Though the allegation is made that Richard has hindered Leslie's contact with the minor children in the past, Leslie acknowledges that Richard is a good father.

The record in this case clearly indicates that Leslie requested a modification of custody three years after her alleged cessation of drug abuse, after remarrying, after establishing employment, and after becoming an active church member. While we acknowledge that the changes in Leslie's life are commendable, and a step in the right direction, these changes do not negate the fact that Richard has been the sole custodian and solely responsible for the rearing of these children since 1998. There is no evidence in the record that Richard's custody of the children has been detrimental to the children or not in their best interest. On the other hand, Leslie's involvement with the children consisted only of supervised visitation from 1998 until March of 2005. Even assuming Leslie has been "drug free" since 2002, she was sparsely involved with her children for some three years from 2002 to 2005. Motherhood is not a part time job. It was clearly an abuse of discretion for the trial court at the March 2005 hearing to remove Richard as the sole custodial parent and set up a joint "shared custody" plan with Leslie being the domiciliary parent in Louisiana during the fall 2005 school term, and Richard being the domiciliary parent in Georgia during the spring 2006 school term, with a "review hearing" in May of 2006. Additionally, it should be noted that review hearings are held in juvenile cases as set forth in La.Ch.Code art.1454, not in civil custody cases.

5

However, the trial court did state that at said review hearing:

[i]f Justiss is doing well, I'm not going to separate the children and I'm going to permit them to reside with their father. . . if Justiss is doing well, if his grades are okay and he's not having any psychological problems, I intend to permit the children to live with their father during the school year and go to school and spend the bulk of the summer and the bulk of the holidays with their mother.

Considering the above stated language in the trial court's opinion, it appears that the trial court was inclined to return custody of the children to Richard, barring poor educational performance by the children or psychological problems. At present, we find that it is in the best interest of these children that Richard be granted sole custody of the minor children.

We therefore reverse the judgment of the trial court on the issue of custody. We render judgment naming Richard as the sole custodian of the children, and we award Leslie reasonable and liberal visitation privileges. We remand the matter to the trial court for a hearing on the establishment of a visitation plan.

## DECREE

The judgment of the trial court is reversed. Richard is awarded sole custody of the minor children subject to reasonable and liberal visitation privileges in favor of Leslie. We remand this case to the trial court for a hearing to establish a reasonable visitation schedule in favor of Leslie as set forth herein. Costs of this appeal are assessed against Leslie Lejean Wilson Brown Evans.

**REVERSED AND REMANDED.**