THIBODEAUX, Chief Judge,
dissenting.
| j Reliance by the majority and the trial court on Molony v. Harris, 10-1316 (La.App. 4 Cir. 2/23/11), 60 So.3d 70, is misplaced. In Molony, an interim consent judgment was entered regarding temporary shared physical custody of the minor child. A trial was later held on visitation, not custody, and the trial court amended the interim agreement and allowed the minor child to spend more time with his mother. A hearing on final custody followed where the court ordered joint custody and designated co-domiciliary status. Molony involved the consideration of the latter judgment, that is, the judgment setting final custody and visitation. It had nothing to do with the interim consent judgment involving temporary shared custody and visitation. Those issues had been resolved prior to the hearing on final custody and visitation. Thus, Molony v. Harris is inapplicable.
The trial record makes it clear that this was a trial on the fitness of the parents at the time of the trial. The issue of fitness is the ratio decidendi of Bergeron v. Bergeron, 492 So.2d 1193 (La.1986). Certainly, a trial court, as Bergeron explained, always retains the power to modify a child custody order. Here, the court reserved unto itself the power to change the custody *1100 order depending upon various review hearings in the future. That was legal error which interdicted discretionary factual findings and which mandate a de novo review. The mother should have been compelled to show what Bergeron requires, that is, a 12change of circumstances materially affecting the welfare of the child before the court would consider making a significant change in the custody order as it did here. It should have required the mother to show a deleterious change in circumstances before it would decide to switch custody back to her in June, 2013.
Both the third and second circuits have disapproved of “review hearings.” These hearings are not authorized in civil child custody cases. See, e.g., Brown v. Brown, 05-1346 (La.App. 3 Cir. 3/1/06), 925 So.2d 662. Judge Genovese, writing as the organ for the court, opined that “it should be noted that review hearings are held in juvenile cases as set forth in La.Ch.Code art. 1454, not in civil custody cases.” Id. at p. 666. Brown was quoted approvingly in Brown v. Mock, 43,571-CA (La.App. 2 Cir. 7/16/08), 987 So.2d 892.
These “review hearings” do not serve to foster judicial efficiency nor do they facilitate some semblance of finality of a court judgment. Rather, the “parents’ often bitter, vengeful, and typically highly emotional conflict,” Turner v. Turner, 455 So.2d 1374, 1379 (La.1984) becomes interminable in cases like this one. Why undergo two full' days of a trial with lay and expert witnesses and a fully developed appellate record on fitness if anticipated future “review hearings” are not subject to the Ber-geron standard?
For the foregoing reasons, I respectfully dissent.