BENNY COUNCIL      *      NO. 2020-C-0208

VERSUS      *

     COURT OF APPEAL

TAMEKA COLLINS      *

LIVINGSTON      FOURTH CIRCUIT

     *

     STATE OF LOUISIANA

* * * * * * *

APPLICATION FOR WRITS DIRECTED TO
CIVIL DISTRICT COURT, ORLEANS PARISH
NO. 2014-00672, DIVISION "K"
Honorable Bernadette D'Souza, Judge
* * * * * *
**Judge Regina Bartholomew-Woods**
* * * * * *
(Court composed of Judge Sandra Cabrina Jenkins,
Judge Regina Bartholomew-Woods, Judge Dale N. Atkins)

**JENKINS, J., CONCURS IN THE RESULT**

Jennifer Carter deBlanc
DE BLANC LAW FIRM, LLC
1615 Poydras Street, Suite 910
New Orleans, LA 70112

     COUNSEL FOR RELATOR, TAMEKA COLLINS LIVINGSTON

Richard Lynn Ducote
318 East Boston Street, 2nd Floor
Covington, LA 70433

     COUNSEL FOR RESPONDENT, BENNY COUNCIL

     **WRIT GRANTED; RELIEF DENIED**
     **JULY 15, 2020**

*RBW*

*DNA*

Relator seeks review of the judge *pro tempore's* March 5, 2020 review hearing, which was held during the pendency of this Court's March 5, 2020 Order staying all matters while the appeal of the trial court's ruling regarding child custody was pending. *See Council v. Livingston*, 2019-1049 (La. App. 4 Cir. 3/13/20), --- So. 3d ---, 2020 WL 1231392. Additionally, Relator seeks review of the judge *pro tempore's* declaration during the March 5, 2020 hearing that he kept jurisdiction over this matter "in perpetuity" unless he chose to return jurisdiction to the division judge.[1]

---

[1] At the March 5, 2020 review hearing, the judge *pro tempore* stated:

> The way it works with *pro tempore* Judges as opposed to *Ad Hoc* Judges is when a Judge is assigned *pro tempore* that Judge remains the Judge of that division over every case that has been heard in that division before that Judge in perpetuity unless the *pro tempore* Judge wants it to go back to the other Judge.
>
> The issue of which you were concerned you thought my assignment ended. It does not end.

Because review hearings are inappropriate in civil custody matters and this Court amended the trial court's judgment to delete the provision providing for a review hearing we grant Relator's writ and find that the review hearing was inappropriate. Further, regarding the jurisdiction of the judge *pro tempore,* we grant the writ, but deny relief, because we do not have jurisdiction to divest the judge *pro tempore* of his appointment that was rendered by the Louisiana Supreme Court; we find that authority is reserved solely to the Louisiana Supreme Court.

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

On September 7, 2016, pursuant to a considered decree, Relator Tameka Collins and Respondent Benny Council were granted joint custody of their minor child with Relator designated as the domiciliary parent. On July 24, 2019, the parties had motions set for hearing before Judge Bernadette D'Souza, Division "K" of the Civil District Court for the Parish of Orleans. However, because Judge D'Souza, would be away from court on that date, the Louisiana Supreme Court, on July 18, 2019, issued an order appointing a judge *pro tempore* to serve in Division "K" from July 22, 2019, through July 26, 2019, "subject to completion of any unfinished business."[2]

On July 24, 2019, the trial court held a one-day trial on Respondent's motion to modify custody. During the trial, the judge *pro tempore* denied Relator's motion for continuance and exceptions of no cause of action and vagueness. A revised custody judgment dated August 14, 2019 ordered the following: continued joint

_____

[2] Retired Judge Max N. Tobias, Jr., was appointed as judge *pro tempore* by the Louisiana Supreme Court.

2

custody, maintained Relator as the domiciliary parent, and expanded Respondent's visitation rights. It was further ordered that the parties attend a review hearing on March 5, 2020, at which "the Court may, in its discretion, modify this judgment and enter such Orders or decrees warranted." Respondent timely appealed the August 14, 2019 ruling.

On March 2, 2020, while the appeal was pending before a different panel of this Court, the trial court advised counsel for Relator and Respondent that the review hearing would proceed as scheduled on March 5, 2020. Respondent filed an exception of lack of subject matter jurisdiction, citing the ongoing appeal before this Court. Respondent's exception was denied.

On March 5, 2020, a motion to stay was filed with this Court.[3] This Court issued an order granting the motion, staying all matters pending further decisions by this Court, citing La. C.C.P. art 2088.[4] Nevertheless, the trial court informed

---

[3] At the March 5, 2020 hearing, the judge *pro tempore* insisted that this Court "stayed the trial, not the conference." He proceeded to reprimand the attorneys for challenging both the review hearing and his jurisdiction stating, "[i]t is wantonly unprofessional. It may even be unethical. You need to grow up and find out what the law is or call somebody to find out what is going on." Despite this Court's stay of all proceedings, the judge *pro tempore* insisted that the review hearing proceed; in response to the attorneys' late arrival, he stated "that is really an insult to me. That is a personal insult to me. It is an insult to the profession of lawyers and an insult to deal with these things . . . Your clients should be ashamed of you. If they are not, then that is their mistake." Additionally, the judge *pro tempore* stated, "I am so seriously offended by it. I will tell you I will advise — I am inclined to advise the Judges of this Court about what has happened. I will get the word out to the judiciary and all of my judge friends in the state and tell them what I have experienced. Your reputations are going to be whatever they are, and they are going to be enhanced further. This is not the way you do it."

[4] La. C.C.P. art. 2088 provides in, pertinent part:

> A. The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal.

counsel for Relator and Respondent, on behalf of the judge *pro tempore*, that the review hearing would proceed as scheduled. Under much protest, as reflected by the transcript from the proceeding, counsel for both parties appeared for the review as instructed. On March 13, 2020, this Court affirmed and amended the trial court's August 14, 2019 judgment, thus, deleting the trial court's order setting a review hearing. *See Council v. Livingston*, 2019-1049 (La. App. 4 Cir. 3/13/20), --- So. 3d ---, 2020 WL 1231392.

## DISCUSSION

### *Assignments of Error*

Relator raises the following assignments of error:

1. Whether the trial court erred by disregarding this Court's Stay Order by requiring the parties, under the threat of attachment,[5] to appear at the March 5, 2020 review hearing;

2. Whether the trial court, specifically the judge *pro tempore*, erred in declaring at the March 5, 2020 review hearing that he retained jurisdiction over this matter "in perpetuity."

### *Standard of Review*

Relator argues that the trial court committed legal errors.

> "[L]egal errors are reviewed under the *de novo* standard of review." *1026 Conti Condominiums, LLC v. 1025 Bienville, LLC*, 2015-0301, p. 5 (La. App. 4 Cir. 12/23/2015), 183 So.3d 724, 727. "A legal error occurs when a trial court applies incorrect

---

[5] Counsel for Respondent stated that he could hear the judge *pro tempore* "in the background screaming, you better be here — tell him he better — his but[t] better be here or there is going to be an attachment for him. Totally inappropriate, Your Honor."

4

> principles of law and such errors are prejudicial." *Id.* "Legal errors are prejudicial when they materially affect the outcome and deprive a party of substantial rights." *Evans v. Lungrin,* 1997-0541, p. 7 (La. 2/6/98), 708 So.2d 731, 735. "Where an error of law taints the record, we are not bound to affirm the judgment of the lower court." *City of New Orleans*, 2007-1066, p. 3, 985 So.2d at 834-35.

*Hankton v. State,* 2019-0557, p. 5 (La. App. 4 Cir. 3/4/20), --- So.3d ----2020 WL 1056792.

*Analysis*

Relator argues that at the time of the review hearing, jurisdiction over the instant matter was vested with this Court and that this Court's Stay Order was in effect when the trial court decided to proceed with its review hearing. We likewise agree.

Pursuant to Article V, Section 10 of the Louisiana State Constitution of 1974:

> Except as otherwise provided by this constitution, a court of appeal has appellate jurisdiction of (1) all civil matters, including direct review of administrative agency determinations in worker's compensation matters as heretofore or hereafter provided by law, (2) all matters appealed from family and juvenile courts, and (3) all criminal cases triable by a jury, except as provided in Section 5, Paragraph (D) (2) of this Article. It has supervisory jurisdiction over cases which arise within its circuit.

Further, La. C.C.P. art. 2088 (A) provides:

> The jurisdiction of the trial court over all matters in the case reviewable under the appeal is divested, and that of the appellate court attaches, on the granting of the order of appeal and the timely filing of the appeal bond, in the case of a suspensive appeal or on the granting of the order of appeal, in the case of a devolutive appeal.

5

Furthermore, La. C.C.P. art. 2081, provides that "[t]he provisions of this Title are applicable to all appeals to the Supreme Court and the courts of appeal, except as otherwise provided by law."

Moreover, the trial court's March 5, 2020 review hearing was contrary to jurisdiction, which provides that "'review hearings' can be held in juvenile cases as set forth in La. Ch. C. art. 1454, not in civil custody cases." *Brown v. Mock*, 43,571, p. 6 (La. App. 2 Cir. 7/16/08); 987 So.2d 892, 895; *Brown v. Brown,* 2005-1346 (La. App. 3 Cir. 3/1/06), 925 So.2d 662; *R.J. v. M.J., 2003-2676, pp. 14-15 (La. App. 1 Cir. 5/14/04), 880 So.2d 20, 28-29.* In fact, in *Council v. Livingston*, 2019-1049 (La. App. 4 Cir. 3/13/20), --- So. 3d ---, this Court amended the trial court's judgment to delete the provision providing for the March 5, 2020 review hearing and cited *Brown v. Mock*, 43,571, p. 6 (La. App. 2 Cir. 7/16/08); 987 So.2d 892, 895; *Brown v. Brown,* 2005-1346 (La. App. 3 Cir. 3/1/06), 925 So.2d 662; and *R.J. v. M.J., 2003-2676, pp. 14-15 (La. App. 1 Cir. 5/14/04), 880 So.2d 20, 28-29.* This Court also cited *Frase v. Barnhart*, 379 Md. 100, 120-21, 840 A.2d 114, 126 (2003), wherein the court observed:

> The court's role is different in a normal private custody dispute. It is to take evidence and decide the dispute, so that the child and the other parties can get on with their lives. The court does not retain jurisdiction until the child turns 21, or even 18. Although the matter of custody, visitation, and support may always be reopened upon a showing of changed circumstances, **the court's jurisdiction over the particular dispute ends when the dispute is resolved,** which the law anticipates will occur within a reasonable time after the evidentiary hearing. Those kinds of cases are not to be strung out indefinitely, as though they were CINA cases. [Emphasis added].

Based on the aforementioned jurisprudence, in particular this Court's holding in *Council*, which declares that review hearings are inappropriate in private custody cases, we find that the trial court, through the judge *pro* tempore committed legal error by holding the March 5, 2020 review hearing. Furthermore, the review hearing was held during a time when the trial court was divested of its jurisdiction over the matter.

In the second assignment of error, Relator contends that after the custody matter was heard and taken under advisement and once the trial court's written judgment was issued on August 14, 2019, all duties of the serving judge *pro tempore* had been completed. In support of this assertion, Relator relies on the Louisiana Supreme Court's July 18, 2019 Order, which established the *pro tempore* appointment, stated that the appointment was to be effective from July 22, 2019 through July 29, 2019. Thus, Relator believes that any lawful authority the judge *pro tempore* may have had to preside over the instant matter ended on that date; no continuing jurisdiction remained with that judge. Regarding this assignment of error, we do not have authority to divest the judge *pro tempore* of his appointment. His appointment was made by the Louisiana Supreme Court and as such, we find that only the Louisiana Supreme Court has the authority to end the appointment.

## DECREE

For the aforementioned reasons, we **GRANT** Relator's writ and hold that the review hearing was inappropriate and in contravention to this Court's March 13, 2020 opinion in which this Court amended the trial court's judgment deleting

the order setting the review hearing. Further, regarding the jurisdiction of the judge *pro tempore,* we GRANT the writ, but DENY relief, because we do not have jurisdiction to divest the judge *pro tempore* of his appointment that was rendered by the Louisiana Supreme Court; we find that authority is reserved solely to the Louisiana Supreme Court.

**WRIT GRANTED; RELIEF DENIED**